**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

UNITED STATES OF AMERICA,
Plaintiff-Respondent,
-vs-
JOHN FRANCIS DEWALD,
Defendant-Movant.

Case No. CR-17-0225-F
CIV-19-0548-F

**ORDER**

Defendant John Francis Dewald, as a person in federal custody, moves to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Doc. no. 39 (and supplemental brief, doc. no. 41).[1] Plaintiff, the United States of America, has responded, objecting to relief. Doc. no. 53. Mr. Dewald filed a reply brief. Doc. no. 60. Mr. Dewald appears *pro se* and his pleadings are liberally construed. For the reasons stated below, the motion will be denied.

Background

On October 3, 2017, Mr. Dewald was indicted on one count of bank robbery in violation of 18 U.S.C. § 2113(a). Doc. no. 13. On November 9, 2017, he pleaded guilty to that one-count indictment. Doc. no. 20. On April 30, 2018, the court permitted Mr. Dewald's previous attorney to withdraw and appointed new counsel, Eddie D. Valdez, to represent Mr. Dewald. Doc. nos. 30, 31. On June 13, 2018, Mr. Dewald appeared and was sentenced to 188 months' incarceration. Doc. no. 35. On June 14, 2018, judgment was entered accordingly. Doc. no. 36. Mr.

[1] The supplemental brief is not signed by Mr. Dewald. Nevertheless, the court has considered it.

Dewald's sentence was at the top of the guidelines range as determined by the court (151 to 188 months). Doc. no. 37. The 188-month sentence was well below the statutory maximum penalty of 20 years. Mr. Dewald did not appeal.

Asserted Grounds for Relief

On June 17, 2019, Mr. Dewald filed a § 2255 motion alleging ineffective assistance on the part of his counsel, Mr. Valdez. The motion argues, first, that Mr. Valdez provided ineffective assistance because he did not consult with Mr. Dewald about filing an appeal and failed to file an appeal after Mr. Dewald requested him to do so via mail. Doc. no. 39, p. 4 (ground one).[2] Second, the motion argues the court should not have applied "a 2 pt level increase for a threat of death" during the robbery, as "[t]he facts of petitioner's case do not show that petitioner made any threat of death." *Id.* at 5 (ground two). Mr. Dewald contends this "no threat of death" argument was not raised on appeal due to ineffective assistance of counsel.

Ineffective Assistance of Counsel Standards

The standards for evaluating ineffective assistance of counsel claims are reviewed in Hooks v. Workman, 606 F.3d 715, 723-24 (10th Cir. 2010).[3]

> To prevail on a claim of ineffective assistance, [movant] must show his counsel's performance "fell below an objective standard of reasonableness" and "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687–88, 104 S.Ct. 2052. Review of counsel's performance under Strickland's first prong is highly deferential: "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690, 104 S.Ct. 2052. To be deficient, the performance must be "outside the wide range of professionally competent

[2] This order cites most documents using the electronic case filing (ecf) page numbers found at the top of each as-filed page. Transcripts, however, are cited by their original transcript page numbers.

[3] Hooks considered a petition brought under 28 U.S.C. § 2254. The same standards apply in this § 2255 matter.

> assistance." *Id.* In other words, "it must have been completely unreasonable, not merely wrong." Boyd v. Ward, 179 F.3d 904, 914 (10th Cir.1999); *see also* Strickland, 466 U.S. at 687, 104 S.Ct. 2052 (holding that to demonstrate deficient performance, a petitioner must show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [a] defendant by the Sixth Amendment").
>
> As for Strickland's prejudice prong, [movant] must establish that but for counsel's errors, there is a reasonable probability "the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. 2052. That is, [movant] must show "counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." *Id.* at 687, 104 S.Ct. 2052. Establishing a reasonable probability of a different outcome requires something less than a showing [that] "counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* at 693, 104 S.Ct. 2052. Instead, a reasonable probability is one "sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052.
>
> If [movant] is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance necessarily fails. *Id.* at 700, 104 S.Ct. 2052.

<u>Discussion</u>

Relevant to the first part of the Strickland test (deficient performance), counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think (1) that a rational defendant would want an appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). In making this determination, courts must take into account all information counsel knew or should have known. *Id.*

With respect to the first means of satisfying Flores-Ortega, Mr. Dewald relies on identification of what he contends are nonfrivolous grounds for an appeal. As explained below, the court rejects these arguments.

As already noted, Mr. Dewald argues (in ground two of his motion) that due to ineffective assistance of counsel, no appeal was taken from a "2 pt level increase for a threat of death during the robbery" and that "[t]he facts of petitioner's case do not show that petitioner made any threat of death." Doc. no. 39, p.5. The court, however, did not enhance Mr. Dewald's sentence for a threat of death made during the robbery.[4] Accordingly, Mr. Dewald's "no threat of death" argument does not present a nonfrivolous basis for an appeal, and Mr. Valdez's failure to appeal this issue was not deficient performance.[5]

Mr. Dewald also argues that "his career offender placement for an unarmed bank robbery that did not include a threat of force or any other act of violence" (doc. no. 41, p.8) provided a nonfrivolous basis for an appeal. Mr. Dewald concedes that Tenth Circuit precedent holds that federal bank robberies are crimes of violence for purposes of the career offender adjustment, based on United States v. McCranie, 889 F.3d 677 (10th Cir. 2018) (a case which was addressed at the sentencing hearing, doc. no. 47, Tr. at 4-5). He argues, however, that "he did not display any acts of intimidation, the least culpable element of 18 U.S.C. § 2113(a)." *Id*. This argument for deficient performance is rejected because the record is clear,

---

[4] The final presentence report (PSR) states the evidence was insufficient to warrant a two-level enhancement under USSG §2B3.1(b)(2)(F) for a threat of death, so that no enhancement was recommended based on a threat of death. Doc. no. 27, ¶ 6, n.1. The PSR found the guideline imprisonment rage was 151 months to 188 months. *Id.* at ¶ 84. That is the same guideline range the court ultimately found applied. Doc. no. 37, p. 1.

[5] It is not completely clear whether, in ground two of his § 2255 motion, Mr. Dewald intends to assert the purported enhancement for a threat of death during the robbery as a ground for relief separate and apart from ineffective assistance of counsel. If Mr. Dewald did intend to assert such a ground for relief, it is rejected because no threat of death enhancement was applied.

based on Mr. Dewald's colloquy with the court at his change of plea hearing, that intimidation was used during the robbery. After the court asked the government what it contended constituted intimidation, the government described a note which was passed to the teller by Mr. Dewald. The note said something to the effect that the teller should "put[] money in a bag, no funny stuff and nobody gets"-- followed by an "H," which the teller interpreted to mean she was being robbed and would be hurt if she did not comply. Doc. no. 42, Tr. at 11-12. At the end of that explanation by the government, the court posed a question to Mr. Dewald, and he answered as follows.

> THE COURT: That [explanation] seems reasonable to me, but, Mr. Dewald, I'm going to ask you directly: Did you intend the teller to feel threatened or intimidated by that note?
>
> THE DEFENDANT: Yes, sir.

*Id*. at 12.

Mr. Dewald also argues there were grounds for a nonfrivolous appeal based on the court's failure to release him on bond to enroll in a drug treatment program. He argues the court's feeling that he was "too old to change" was an abuse of discretion as a basis for determining that he should not be released to enroll in the program. Doc. no. 41, p. 9. This argument is rejected. The court stated its reasons for determining that Mr. Dewald should not be enrolled in the drug treatment program in a three-page order. Doc. no. 26. There, the court stated that defendant's criminal history "prevents the court from having the comfort level it would need as a prerequisite to ordering the defendant's release pending a long-delayed sentencing for the purpose of participating in a program which apparently does not involve substantial restrictions on physical freedom of movement." *Id*. at 2. "Also in play" was the fact that "defendant [was] not at an age at which the court would be apt to consider him to be particularly malleable, at least in terms of the

probability that the defendant, as opposed to, say, a 20 year old offender, will actually turn his life in a direction differing radically from the direction in which the defendant himself has chosen to take it." *Id*. at 3.

Finally, Mr. Dewald's supplemental brief lists certain grounds for an appeal which he contends are not frivolous. Doc. no. 41, p. 9. Some of the items on the list have already been addressed in this order, directly or indirectly. For example, Mr. Dewald lists an insufficient factual basis for his guilty plea, based on his argument that the intimidation element was not satisfied; and he lists lack of subject matter jurisdiction to prosecute him, based on his contention that no intimidation occurred during the robbery. Other items on the list include: violation of "the right to equal protection," based on the court's refusal to release Mr. Dewald on bond to enroll in the drug program (although Mr. Dewald does not explain how equal protection was violated); "prior conviction(s) being to [sic] stale to use as a basis for career enhancement" (although Mr. Dewald identifies no convictions for this purpose); and violation of the Double Jeopardy Clause, based on the court "imposing a sentence under the guidelines career offender provision" (an argument which is incorrect as a matter of law). Mr. Dewald makes no developed argument regarding these matters, and he has not shown that they constituted a nonfrivolous basis for an appeal.

Mr. Dewald has not identified a nonfrivolous basis for an appeal. Accordingly, his arguments intended to satisfy the first means for showing, under Flores-Ortega, that Mr. Valdez had a duty to consult with him about an appeal, are rejected.

The second means by which Mr. Dewald could establish deficient performance in relation to an untaken appeal, is by his contention that he reasonably demonstrated to his attorney, Mr. Valdez, an interest in appealing. Flores-Ortega, 528 U.S. at 480. In that regard, Mr. Dewald contends that "Mr. Valdez … failed

to file a notice of appeal after I requested him to do so via mail." Doc. no. 39, p. 4. The letter Mr. Dewald sent to his counsel has been submitted by the government as an attachment to Mr. Valdez's affidavit. Doc. no. 53-1. The letter says nothing specific about an appeal. Rather, the letter refers to Mr. Dewald's interest in "any post-conviction relief possibilities." *Id*. at 3 of 4. The letter asks Mr. Valdez for a copy of Mr. Dewald's case file "to examine whether or not I possess any viable ground for relief under inter alia 28 U.S.C. § 2255." *Id*. Moreover, the letter is dated October 15, 2018, which is long after Mr. Dewald's appeal time had expired.[6] The letter provides no basis for Mr. Dewald's argument that he reasonably demonstrated to Mr. Valdez that he was interested in appealing.

Mr. Dewald also contends he tried to call his attorney several times in regard to his appeal but was not able to get through to him. Doc. no. 41, p. 8. Mr. Valdez, in his affidavit, states that he never spoke with Mr. Dewald regarding an appeal and that he has no records of any missed calls from Mr. Dewald regarding an appeal. Doc. no. 53-1, p. 2. Even assuming Mr. Dewald attempted to call his attorney regarding an appeal but never managed to reach him, such attempts would not be enough to show that Mr. Valdez should have reasonably known Mr. Dewald was interested in appealing.

Mr. Dewald has not shown that he reasonably demonstrated to his counsel that he had an interest in appealing. Accordingly, Mr. Dewald has not satisfied the second means described in Flores-Ortega for establishing that his attorney had a duty to consult with him about an appeal.

[6] Mr. Dewald contends he did not know the difference between a § 2255 motion and an appeal, and that he had no knowledge about when any appeal was due. Doc. no. 41, pp. 6-7. But at his sentencing, the court advised Mr. Dewald of his appeal rights and stated that any notice of appeal must be filed with the clerk within fourteen calendar days. Doc. no. 47, Tr. at 25.

Mr. Dewald has not shown that his counsel's performance in failing to consult with him about an appeal, or in failing to take an appeal, fell below an objective standard of reasonableness. Accordingly, Mr. Dewald has not met the first part of the Strickland test (deficient performance), and he is not entitled to relief under § 2255. Moreover, the motion, files and records in this case conclusively show that Mr. Dewald is not entitled to relief under § 2255. In such circumstances there is no need for an evidentiary hearing,[7] and Mr. Dewald's request for an evidentiary hearing will therefore be denied.

Conclusion

Having considered and rejected the grounds for relief raised by Mr. Dewald in his § 2255 motion, and having **DENIED** his request for an evidentiary hearing, Mr. Dewald's motion seeking relief from his sentence under § 2255 is **DENIED**.

Mr. Dewald has not made the required showing for a certificate of appealability under Slack v. McDaniel, 529 U.S. 473, 484 (2000). A certificate of appealability is **DENIED**.

IT IS SO ORDERED this 20th day of April, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-0225p013.docx

[7] *See*, 28 U.S.C. § 2255(b)("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall … grant a prompt hearing thereon….").