**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| -vs- | ) | Case No. CR-17-0225-F |
| | ) | |
| JOHN FRANCIS DEWALD, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

## <u>ORDER</u>

Defendant John Francis DeWald, a person in federal custody, has filed a document entitled "motion to dismiss."  Doc. no. 71.  He appears *pro se* and his pleadings are liberally construed.

On June 13, 2018, Mr. DeWald was sentenced to 188 months' incarceration. On June 17, 2019, he moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.[1]  On April 20, 2020, this court denied that motion and denied a certificate of appealability.  Mr. DeWald appealed.  On July 28, 2020, the court of

---

[1] As is customary, the 2019 motion was filed in the underlying criminal case, CR-17-0225-F, as well as under a new civil case number assigned to that § 2255 matter, CIV-19-0548-F.  That civil case was closed when the § 2255 matter was adjudicated.  Although the new motion carries only the CIV-19-0548-F case number, the clerk has filed it in the proper case, which is the underlying criminal matter, CR-17-0225-F.  Given this order's disposition of the new motion, it is not necessary to open a new civil case for the new motion.

appeals issued a detailed order denying a certificate of appealability and dismissing the case.

Mr. DeWald's current motion begins with a request that the court answer certain questions.   Defendant is advised that the court cannot provide legal advice or answer legal questions posed in this manner.

That said, the questions are presumably intended as a rhetorical device, seeking to persuade the court to dismiss this case and release Mr. DeWald.   The motion argues that the admission of a note into evidence at Mr. DeWald's trial, and the manner in which the court and Mr. DeWald's attorney treated the note, require dismissal of the charges against Mr. DeWald.   For example, the motion argues the note is fraudulent but was nevertheless admitted.   At the end of the motion, Mr. DeWald indicates that for these and other reasons he "should be released immediately and all charges should be dismissed." Doc. no. 71, p. 2.

The motion appears to challenge Mr. DeWald's conviction under 28 U.S.C. § 2255.  To the extent it does so, it is a second or successive motion for relief under 28 U.S.C. § 2255 over which this court has no jurisdiction. *See generally*, 28 U.S.C. § 2255(h), 28 U.S.C. § 2244, and In re Cline, 531 F.3d 1249, 1252-53 (10th Cir. 2008) (when a second or successive § 2255 claim is filed in district court without the required authorization from this court, the district court may transfer if it is in the interest of justice to do so or it may dismiss the motion or petition for lack of jurisdiction).   Here, transfer would not be in the interest of justice. Among other reasons for dismissal rather than transfer, the court notes that a one-year statute of limitations applies to a § 2255 motion.

To the extent the motion (doc. no. 71) is construed as a second or successive challenge to Mr. DeWald's conviction brought under 28 U.S.C. § 2255, it is **DISMISSED** for lack of jurisdiction.  A certificate of appealability is **DENIED**.

IT IS SO ORDERED this 17th day of March, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-0225p019.docx